UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

PAUL WINESTOCK, JR.,
*Defendant-Appellant.*

No. 01-8055

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge;
William M. Nickerson, Senior District Judge.
(CR-90-454, CA-00-3238-WMN)

Submitted: April 26, 2002

Decided: August 26, 2002

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Paul Winestock, Jr., Appellant Pro Se. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Winestock, Jr., filed a motion under 28 U.S.C.A. § 2255 (West Supp. 2001), challenging his drug trafficking conviction and sentence, and a separate motion for return of property seized by the government pursuant to his arrest. The district court denied both motions in an order dated November 5, 2001. Winestock timely appealed. For the reasons discussed below, we dismiss in part and vacate and remand in part for further proceedings.

Winestock's § 2255 motion asserted claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court has held that *Apprendi* does not apply retroactively to cases on collateral review. *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.), *cert. denied*, 122 S. Ct. 573 (2001). We therefore deny Winestock's motion for a certificate of appealability as to his appeal from the denial of his § 2255 motion[1] and dismiss the appeal from the portion of the district court's November 5, 2001, order denying relief on Winestock's § 2255 motion.

Winestock filed a motion for return of property dated December 20, 2000. The government administratively forfeited the property in 1991. Notification of the forfeitures was sent to the Baltimore City Jail and two other addresses, and was published in the *Washington Times*. However, Winestock was residing at a halfway house from January 14, 1991, until April 10, 1992, and asserted that he did not become aware of the forfeitures until 1996. The district court noted that Winestock may not have received adequate notice, but concluded that his action was barred by the six-year statute of limitations.

As the district court correctly noted, the applicable limitations period for an action seeking return of forfeited property is six years. 28 U.S.C. § 2401(a) (1994); *United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000). To decide whether Winestock filed his action outside the six-year limitations period, it is necessary to determine when the cause of action accrued. The cause of action accrues and the

---

[1] As to Winestock's appeal from the district court's order denying his motion for return of property, no certificate of appealability is required.

limitations period begins to run on the date when the movant first becomes aware that the government declared the property forfeited or when, through an inquiry he reasonably could have been expected to make, he would have been aware of the forfeiture. *Minor*, 228 F.3d at 359. In this case, the record is not sufficiently developed to determine when the cause of action accrued.

We therefore vacate the portion of the district court's order denying relief on the motion for return of property and remand to the district court for a determination of when the cause of action accrued and whether Winestock's motion was timely filed. If the motion was timely, Winestock may proceed with his action and we further direct the court to determine whether the government gave Winestock adequate forfeiture notice in light of *Minor* and the Supreme Court's recent decision in *Dusenbery v. United States*, 70 U.S.L.W. 4044 (U.S. Jan. 8, 2002) (No. 00-6567). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED AND*
*REMANDED IN PART*