**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LLOYD GEORGE MAXWELL, SR.,
            *Defendant-Appellant.*

No. 02-7456

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LLOYD GEORGE MAXWELL, SR.,
            *Defendant-Appellant.*

No. 02-7638

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-93-262-A, CA-02-1334-A)

Submitted: May 29, 2003

Decided: June 5, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Lloyd George Maxwell, Sr., Appellant Pro Se. Thomas More Hollenhorst, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

   Lloyd George Maxwell, Sr., appeals the district court's order con-
struing his Fed. R. Civ. P. 60(b)(4) motion as a successive 28 U.S.C.
§ 2255 (2000) motion and dismissing the motion, and a subsequent
district court order denying his motion for reconsideration and motion
for a certificate of appealability. This court may grant a certificate of
appealability only if the appellant makes a substantial showing of the
denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). When,
as here, a district court dismisses a § 2255 motion on procedural
grounds, a certificate of appealability will not issue unless the peti-
tioner can demonstrate both "(1) 'that jurists of reason would find it
debatable whether the petition states a valid claim of the denial of a
constitutional right' and (2) 'that jurists of reason would find it debat-
able whether the district court was correct in its procedural ruling.'"
*Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*,
529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001). We
have independently reviewed the record and conclude that Johnson
has not made the requisite showing. *See Miller-El v. Cockrell*, 123 S.
Ct. 1029 (2003).

   We must construe Maxwell's notice of appeal and informal brief
on appeal as an application to file a second or successive motion to
vacate under 28 U.S.C. § 2255. *See United States v. Winestock*, ___
F.3d ___, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003). In order
to obtain authorization to file a second motion to vacate, a movant
must assert claims based on either: (1) a new rule of constitutional
law, previously unavailable, made retroactive by the Supreme Court
to cases on collateral review; or (2) newly discovered evidence that
would be sufficient to establish by clear and convincing evidence that
no reasonable fact-finder would have found the movant guilty of the
offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Maxwell's claims
do not satisfy either of these conditions. Therefore, we decline to
authorize Maxwell to file a successive § 2255 application.

We deny a certificate of appealability and dismiss the appeal. We further deny Maxwell's motion to vacate and remand the case back to district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*