**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-6354**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AUDLEY CASANOVA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-95-108, CA-99-1100-1)

_____

Submitted:  June 19, 2003                  Decided:  June 24, 2003

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Audley Casanova, Appellant Pro Se.  Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Audley Casanova appeals the district court's order denying his motion for reconsideration of the magistrate judge's denial of as untimely his post-judgment motion to amend or supplement his 28 U.S.C. § 2255 (2000) motion and/or relief from judgment under Fed. R. Civ. P. 60(b), properly construed as a second or successive § 2255 motion. This court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). When, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Casanova has not made the requisite showing. See Miller-El v. Cockrell, 123 S. Ct. 1029 (2003).

We must construe Casanova's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. See United States v. Winestock, ___ F.3d ___, 2003 WL 1949822, at *7 (4th Cir. Apr. 25,

2

2003).  In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000).  Casanova's claims do not satisfy either of these conditions.  Therefore, we decline to authorize Casanova to file a successive § 2255 application.

We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3