**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-6822**

———————————

MAURICE EDGAR MCKENZIE,

                              Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA,

                              Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District
Judge.  (CA-01-4700-9)

———————————

Submitted:  November 18, 2004        Decided:  November 24, 2004

———————————

Before LUTTIG and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Maurice Edgar McKenzie, Appellant Pro Se. Robert Hayden Bickerton,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Maurice Edgar McKenzie, a federal prisoner, seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion for reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that McKenzie has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe McKenzie's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of

constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). McKenzie's claim does not satisfy either of these conditions. Therefore, we decline to authorize McKenzie to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>