<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-7637**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY JOSEPH LYONS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-98-29)

Submitted: January 5, 2005          Decided: January 21, 2005

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Corey Joseph Lyons, Appellant Pro Se. Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey Joseph Lyons seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(b). Because Lyons' motion did not assert a defect in the collateral review process itself, but rather directly attacked his conviction and sentence, it did not constitute a true Rule 60(b) motion under our decision in United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied, 540 U.S. 995 (2003). To appeal an order denying a Rule 60(b) motion in a habeas action, Lyons must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Lyons has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent Lyons' notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. <u>Winestock</u>, 340 F.3d at 208. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>