PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-6304

PAUL WINESTOCK, JR.,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge;
William M. Nickerson, Senior District Judge.
(CR-90-454, CA-00-3238-WMN)

Argued: February 24, 2003

Decided: April 25, 2003

Before WILKINS, Chief Judge, and LUTTIG and
GREGORY, Circuit Judges.

---

Vacated and remanded and authorization denied by published opinion. Chief Judge Wilkins wrote the opinion, in which Judge Luttig and Judge Gregory joined.

---

## COUNSEL

**ARGUED:** Neal Lawrence Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee. **ON**

**BRIEF:** Thomas M. DiBiagio, United States Attorney, Greenbelt, Maryland, for Appellee.

---

## OPINION

WILKINS, Chief Judge:

Paul Winestock, Jr. appeals a district court order denying his motion for reconsideration of the denial of post conviction relief. Having previously granted a certificate of appealability, *see* 28 U.S.C.A. § 2253(c) (West Supp. 2002), we now hold that Winestock's motion amounted to a successive application for post conviction relief and that the district court therefore lacked jurisdiction to consider it. *See* 28 U.S.C.A. § 2255 ¶ 8 (West Supp. 2002). Accordingly, we vacate the order denying reconsideration and remand with instructions to dismiss. In addition, we deny authorization for Winestock to file a second or successive application. *See* 28 U.S.C.A. § 2244(b)(3) (West Supp. 2002).

### I.

Winestock was convicted of two cocaine-trafficking offenses. In 1997, this court affirmed Winestock's convictions. *See United States v. Winestock*, 110 F.3d 62 (4th Cir.) (per curiam) (unpublished table decision), *cert. denied*, 522 U.S. 855 (1997). Two years later, we affirmed the sentence imposed by the district court after it granted Winestock's motion for resentencing based on a retroactive amendment to the sentencing guidelines. *See United States v. Winestock*, 187 F.3d 633 (4th Cir.) (per curiam) (unpublished table decision), *cert. denied*, 528 U.S. 980 (1999).

In 2000, Winestock sought post conviction relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2002). Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Winestock alleged that the indictment against him was defective and that his sentence was unlawful. When the Government maintained that Winestock had waived these claims by failing to raise them on appeal, Winestock asserted, *inter alia*, that any waiver was attributable to ineffective assistance of counsel. The

district court denied relief on the ground that *Apprendi* does not apply retroactively; the court also ruled, in the alternative, that Winestock had waived his claims and that this waiver could not be excused based on ineffective assistance of counsel.

Winestock moved for reconsideration, arguing that (1) the court erred in refusing to apply *Apprendi* retroactively, (2) his appellate lawyer provided ineffective assistance by failing to raise Winestock's *Apprendi* claims, and (3) the same lawyer performed deficiently by failing to disclose that he had been imprisoned and disbarred. The district court denied this motion.

Winestock appealed the order denying § 2255 relief and the order denying reconsideration. As to the first order, we denied a certificate of appealability and dismissed the appeal. *See United States v. Winestock*, 43 Fed. Appx. 685, 686 (4th Cir. 2002) (per curiam). Thus, only the appeal from the order denying reconsideration is now before us.

## II.

The ultimate question here is whether Winestock's motion for reconsideration[1] should have been treated as a successive collateral review application.[2] This question is important because, as we will discuss more extensively below, review of successive applications is available only in limited circumstances. In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than "successive application" to their pleadings. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998).

---

[1]Throughout this opinion, we will use the umbrella term "motions for reconsideration" to refer to post-judgment motions filed in the district court pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), as well as appellate motions for rehearing or to recall the mandate. We note, however, that different types of motions may be subject to different treatment in this context. *See, e.g.*, *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002) (distinguishing between Rule 59(e) motions and Rule 60(b) motions), *pet. for cert. filed*, No. 02-9422 (U.S. Feb. 6, 2003).

[2]As used in this opinion, the term "collateral review applications" refers to motions for post conviction relief under § 2255 and petitions for habeas corpus under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2002).

This responsibility comports with the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions. *See United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002). This practice has acquired greater significance since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321, 1321-66 (1996). These statutes place significant restrictions on prisoner litigation (including the limits on successive applications we will discuss below) and thus elevate the degree of caution that courts must exercise when determining how to classify prisoner pleadings. *See Emmanuel*, 288 F.3d at 647-48. With these concerns in mind, we now examine the relevant statutes and rules and how they relate to each other.

A.   *Motions for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure*

Because Winestock's motion was titled "Motion for Reconsideration, or in the Alternative, Motion for a Certificate of Appealability," we begin our analysis by examining the provisions governing motions for reconsideration. We focus on Fed. R. Civ. P. 60(b), because Winestock's motion was filed more than ten days after the entry of judgment. *See Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996).

Rule 60(b) allows a party to obtain relief from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of
the judgment.

This rule codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes. *See United States v. Beggerly*, 524 U.S. 38, 43-45 (1998); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-34 (1995).

The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent. The rule establishes time limits for motions alleging certain grounds for relief. Judicial decisions, meanwhile, have described the limits of relief available under particular components of the rule. *See, e.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (discussing the proper use of the Rule 60(b)(6) "catch-all" provision). District court decisions granting or denying Rule 60(b) relief are reviewed for abuse of discretion, although "the exercise of discretion cannot be permitted to stand if we find it rests upon" an error of law. *Agostini v. Felton*, 521 U.S. 203, 238 (1997).

B.   *Limitations on Successive Collateral Review Applications*

We turn now to an examination of the limitations on successive collateral review applications. Before the AEDPA was enacted, Congress and the Supreme Court restricted judicial consideration of successive applications through statutes, rules, and decisional law. *See McCleskey v. Zant*, 499 U.S. 467, 479-88 (1991). These restrictions applied to claims presented for the first time in a second or successive application ("abusive claims") as well as claims that had been presented in previous applications ("repetitive claims").[3] *See, e.g.*, Rule 9(b), Rules Governing § 2255 Proceedings. As discussed below, the AEDPA "codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

---

[3]The claims that we have termed "repetitive" are often called "successive." We have chosen a different term in order to avoid confusion between "successive claims" and "successive applications."

### 1.   *Substantive Limitations Under the AEDPA*

As amended by the AEDPA, § 2255 bars successive applications unless they contain claims relying on

>    (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>    (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8. A separate provision, also enacted as part of the AEDPA, places similar restrictions on state prisoners seeking to file successive applications under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2002). *See* 28 U.S.C.A. § 2244(b)(2) (West Supp. 2002).

An additional limit created by the AEDPA provides that any claim "presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application" must be dismissed. *Id.* § 2244(b)(1). Although this rule is limited by its terms to § 2254 applications, some courts have also applied it to § 2255 applications. *See Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) (per curiam). We need not decide here whether to follow this approach.

### 2.   *Procedural Requirements Established by the AEDPA*

In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C.A. § 2244(b)(3). The court of appeals must examine the application to determine whether it contains any claim that satisfies § 2244(b)(2) (for state prisoners) or § 2255 ¶ 8 (for federal prisoners).

If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards. *See Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996). *Compare* 28 U.S.C.A. § 2244(b)(3) (establishing gatekeeping function for court of appeals with respect to "second or successive *application[s]*" (emphasis added)), *with id.* § 2244(b)(4) (requiring district court to dismiss "any *claim* presented in a second or successive application" that does not satisfy applicable standards (emphasis added)). When the application is thereafter submitted to the district court, that court must examine each claim and dismiss those that are barred under § 2244(b) or § 2255 ¶ 8. *See* 28 U.S.C.A. § 2244(b)(4); *see also Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (holding that § 2244(b)(4) applies in § 2255 cases).

In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Moreover, because the authorization requirement applies to the entire application, the jurisdictional effect of § 2244(b)(3) extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately.[4] Applications including abusive or repetitive claims along with otherwise reviewable claims have been described as a "new breed of mixed petition." *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001) (internal quotation marks omitted). The Eighth Circuit has held that a

---

[4]Other circuits have identified numerous types of claims that are not subject to the limits on successive applications. For example, some courts have held that a § 2254 petition challenging decisions relating to the execution of the judgment does not amount to a successive application if the prisoner filed his previous § 2254 petition before those decisions were made and challenged only the underlying criminal judgment. *See, e.g.*, *James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002). We need not decide here whether we would follow the same rule. For present purposes, it is sufficient to note that if we did adopt this rule, a § 2254 petition presenting *only* claims relating to the execution of the prisoner's sentence would not be subject to the procedural or substantive requirements of § 2244(b); however, if the petition *also* contained claims relating to the underlying criminal judgment, the district court would lack jurisdiction to rule on any portion of the petition.

district court that receives such an application should afford the prisoner the choice of "seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." *Id.* at 859 (internal quotation marks omitted). We agree that this is the appropriate solution.

### C.   *Interactions among § 2244(b), § 2255, and Rule 60(b)*

Having examined Rule 60(b) and the relevant components of the AEDPA, we now consider how these provisions interact. At the outset, we note that our pre-AEDPA precedent endorsed the treatment of Rule 60(b) motions as successive applications when they presented abusive or repetitive claims. *See Hunt v. Nuth*, 57 F.3d 1327, 1339 (4th Cir. 1995) (treating Rule 60(b) motion raising new claims as successive § 2254 application); *Jones v. Murray*, 976 F.2d 169, 172-73 (4th Cir. 1992) (same, for Rule 60(b) motion containing repetitive claim). The Supreme Court has ratified this approach since the enactment of the AEDPA. *See Calderon*, 523 U.S. at 553 (stating that "a prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b)").

Neither *Calderon* nor our own case law expressly requires district courts to construe Rule 60(b) motions as successive applications. With respect to our own decisions, we believe this reflects the greater flexibility afforded district courts under pre-AEDPA standards. In light of the tighter restrictions imposed by the AEDPA, including most notably the jurisdictional constraint on review of successive applications filed without authorization, we now hold that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application," *id.* (citation omitted). We note that five of the seven courts of appeals to consider this question agree with us that a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application.[5] *Compare Boyd v. United States*,

---

[5]The position of the Third Circuit is unclear. *See United States v. Edwards*, 309 F.3d 110, 113 (3d Cir. 2002) (per curiam) (holding that

304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (requiring that Rule 60(b) motion be treated as successive application), *pet. for cert. filed*, No. 02-9158 (U.S. Jan. 29, 2003), *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002) (same), *cert. denied*, 123 S. Ct. 937 (2003), *Ortiz v. Stewart*, 195 F.3d 520, 520-21 (9th Cir. 1999) (per curiam) (same), *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (per curiam) (same), *and Felker v. Turpin*, 101 F.3d 657, 660-61 (11th Cir. 1996) (per curiam) (same), *with Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (stating that district court has discretion to deny relief on Rule 60(b) motion that could also be treated as successive application), *and Hess v. Cockrell*, 281 F.3d 212, 214-15, 215 n.6 (5th Cir. 2002) (indicating, but not conclusively determining, that Rule 60(b) motion may be denied on merits or treated as successive application).

We emphasize that we do not require that all Rule 60(b) motions be treated as successive applications; instead, the proper treatment of the motion depends on the nature of the claims presented. Once again, this holding is consistent with the majority view among our sister circuits. *See Gitten*, 311 F.3d at 530; *Boyd*, 304 F.3d at 814; *Dunn v. Cockrell*, 302 F.3d 491, 492 n.1 (5th Cir. 2002) (per curiam), *cert. denied*, 123 S. Ct. 1208 (2003); *Dunlap*, 301 F.3d at 875-76; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), *pet. for cert. filed*, No. 02-9050 (U.S. Feb. 11, 2003); *see also Workman v. Bell*, 227 F.3d 331, 334-35 (6th Cir. 2000) (en banc) (addressing motion to recall mandate). *But see Mobley v. Head*, 306 F.3d 1096, 1096-97 (11th Cir. 2002) (discussing circuit precedent requiring that all Rule 60(b) motions be treated as successive applications).

Our holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam). There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a suc-

---

motion for reconsideration "would be construed not as a Rule 60(b) motion, but, rather, as an unauthorized successive motion under § 2255 which the District Court may have been without jurisdiction to consider").

cessive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. *See, e.g.*, *Cooper*, 274 F.3d at 1274. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.[6] *See, e.g.*, *Dunlap*, 301 F.3d at 876; *cf. Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." (internal quotation marks omitted)). By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. *See, e.g.*, *Dunlap*, 301 F.3d at 875-76; *cf. Dunn*, 302 F.3d at 492 & n.1 (declining to apply limits on successive applications to Rule 60(b) motion based on counsel error that prevented applicant from perfecting appeal in § 2254 proceeding).

To comply with the standards set forth above, district courts must examine the Rule 60(b) motions received in collateral review cases to determine whether such motions are tantamount to successive applications. If so, the court must either dismiss the motion for lack of jurisdiction or transfer it to this court so that we may perform our gatekeeping function under § 2244(b)(3). *See, e.g.*, *Boyd*, 304 F.3d at 814. Otherwise, the court may review the motion on its merits. When the motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application. *See Pennington*, 257 F.3d at 859; *cf. Emmanuel*, 288 F.3d at 649 (prescribing procedures that district court must follow before converting pleading with different label into collateral review application).

---

[6]We need not decide here when, if ever, a claim presenting newly discovered evidence may be reviewed under Rule 60(b)(2) without regard to the constraints of § 2244(b)(2)(B) and § 2255 ¶ 8(1).

III.

Having set forth the governing principles, we now consider the proper disposition of Winestock's motion for reconsideration. Winestock's motion alleges that the district court erred in rejecting his § 2255 claims and that he has recently discovered evidence that would support a new claim of ineffective assistance. These claims relate to the validity of the underlying criminal judgment and do not suggest that Winestock was denied a fair opportunity to seek relief through § 2255. We therefore conclude that the district court should have treated Winestock's motion as a successive § 2255 application.

As noted above, a prisoner whose Rule 60(b) motion presents both cognizable and non-cognizable claims must be given an opportunity to choose between withdrawing the improper claims and having the entire motion dismissed or transferred. Winestock has not presented any cognizable claims, however, so this rule does not apply to him. Accordingly, there is no need to remand this case to the district court for further proceedings.

At the same time, it would be inappropriate for us to let the decision of the district court stand, because it was entered without jurisdiction. Accordingly, we vacate the order denying Winestock's motion for reconsideration and remand to the district court with instructions to dismiss the motion. *See Boyd*, 304 F.3d at 814; *Dunlap*, 301 F.3d at 876-77.

IV.

Finally, following the lead of our sister circuits, we will construe Winestock's notice of appeal and his appellate brief as a motion for authorization to file a successive application. *See, e.g.*, *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). We hold that Winestock is not entitled to such authorization.

In the first two claims of his motion, Winestock asserts that the district court erred in refusing to apply *Apprendi* retroactively and that his lawyer performed ineffectively by failing to raise *Apprendi* claims on appeal. Both of these claims were raised during the original § 2255

proceeding (with the latter claim presented to establish cause for any default of Winestock's *Apprendi* claims). As noted above, such repetitive claims may be subject to automatic dismissal. In any event, neither claim relies on a new rule of law or newly discovered evidence, and therefore neither would justify pre-filing authorization of Winestock's successive application. *See* 28 U.S.C.A. § 2255 ¶ 8.

Winestock's motion further alleges that Winestock has recently discovered that his appellate attorney was disbarred. Evidence of this nature cannot satisfy § 2255 ¶ 8(1), however, because it contests the fairness of the criminal proceedings without establishing "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Cf. Villafuerte v. Stewart*, 142 F.3d 1124, 1126 (9th Cir. 1998) (holding that evidence of judicial bias "does not add to or subtract from the evidence of . . . guilt" and therefore does not satisfy § 2244(b)(2)(B)); *In re Buenoano*, 137 F.3d 1445, 1447 (11th Cir. 1998) (per curiam) (holding that evidence that one member of jury should have been disqualified does not indicate actual innocence). Accordingly, we decline to authorize Winestock to file a successive § 2255 application.

V.

For the foregoing reasons, we vacate the order of the district court denying Winestock's motion for reconsideration and remand with instructions to dismiss the motion for lack of jurisdiction. Also, to the extent Winestock is seeking authorization to file a successive application, we deny such authorization.

*VACATED AND REMANDED; AUTHORIZATION DENIED*