UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NICHOLAS J. QUEEN, SR.,
        *Petitioner-Appellant,*

v.

EDWARD BRENNAN; J. JOSEPH
CURRAN, JR., Attorney General of
the State of Maryland,
        *Respondents-Appellees.*

No. 03-7014

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CA-95-859-WMN, CR-93-366-WMN)

Submitted: September 10, 2003

Decided: September 29, 2003

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Nicholas J. Queen, Sr., Appellant Pro Se. Kathryn Grill Graeff,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Balti-
more, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Nicholas J. Queen appeals the district court's order denying his Fed. R. Civ. P. 60(a) motion. That motion directly attacked the federal conviction pursuant to which Queen currently is incarcerated. Under our recent decision in *United States v. Winestock* ___ F.3d ___, 2003 WL 1949822 (4th Cir. Apr. 25, 2003) (No. 02-6304), the district court should have construed Queen's Rule 60(a) motion as a successive 28 U.S.C. § 2255 (2000) motion and dismissed it for want of jurisdiction or transferred it to this court "so that we [might] perform our gatekeeping function under 28 U.S.C. § 2244(b)(3) [(2000)]." *See id.* at *6.* We accordingly vacate the order denying the Rule 60(a) motion and remand to the district court with instructions to dismiss the motion. Additionally, we construe Queen's notice of appeal and informal brief as an application for authorization to file a successive § 2255 motion and deny such authorization. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED;*
*AUTHORIZATION DENIED*

---

*Although *Winestock* addressed § 2255 motions disguised as Fed. R. Civ. P. 60(b) motions, we believe the *Winestock* analysis is equally applicable to § 2255 motions disguised as Rule 60(a) motions that seek to allow the movant to "'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application [for relief under 28 U.S.C. § 2255].'" *Winestock*, 2003 WL 1949822, at *5.