**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-7624**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CLEVELAND NELSON,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.  Malcolm J. Howard, District Judge.  (CR-94-57)

─────────────

Submitted:  April 21, 2004            Decided:  May 28, 2004

─────────────

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

─────────────

Vacated and remanded in part; authorization denied in part by unpublished per curiam opinion.

─────────────

Cleveland Nelson, Appellant Pro Se.  Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cleveland Nelson, a federal prisoner, appeals the district court's order denying his motion for reconsideration of its order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Because Nelson's motion, styled as a Fed. R. Civ. P. 60(b) motion, directly attacked his conviction and sentence rather than any alleged defect in the collateral review process, it amounted to a successive § 2255 motion that the district court lacked jurisdiction to consider. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied 124 S. Ct. 496 (2003). We accordingly vacate the order denying the Rule 60(b) motion and remand to the district court with instructions to dismiss the motion.

In accordance with Winestock, we construe Nelson's notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. See id. at 208. In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty. See 28 U.S.C. § 2244(b)(2) (2000). Nelson does not satisfy either of these conditions. Accordingly,

we deny Nelson's implicit application for leave to file a second § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED IN PART;
AUTHORIZATION DENIED IN PART