**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-7105**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT THOMAS,

Defendant - Appellant,

---

**No. 04-7424**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT THOMAS,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (CR-97-365-CCB; CA-03-1076-CCB; CA-04-2522-CCB)

---

Submitted: February 23, 2005          Decided: March 17, 2005

---

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Lamont Thomas, Appellant Pro Se. Christine Manuelian, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Lamont Thomas seeks to appeal the district court's orders denying relief on his motion filed under 28 U.S.C. § 2255 (2000), and his motion for relief from judgment filed under Fed. R. Civ. P. 60(b), but construed as a successive § 2255 motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1) (2000).  A certificate of appealability is also required to obtain review of an order denying a Rule 60(b) motion in a habeas case.  See Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  We have independently reviewed the record and conclude that Thomas has not made the requisite showing. Accordingly, we deny leave to proceed in forma pauperis, deny a

certificate of appealability, deny as moot Thomas's motion to expedite appeal No. 04-7424, and dismiss the appeals.

Additionally, we construe Thomas's notice of appeal and informal brief on appeal in No. 04-7424 as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b) (2000); 28 U.S.C. § 2255 ¶ 8. Thomas's claims do not satisfy either of these conditions. We therefore decline to authorize Thomas to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 4 -