**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ivan Julian STEVENSON, Defendant—Appellant.**

No. 04–7627.

United States Court of Appeals, Fourth Circuit.

Submitted: Feb. 25, 2005.

Decided: March 22, 2005.

Ivan Julian Stevenson, Appellant pro se.

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ivan Julian Stevenson seeks to appeal the district court's order denying relief on his Fed.R.Civ.P. 60(b) motion, in which he sought reconsideration of the district court's denial of his motion under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); *see Reid v. Angelone,* 369 F.3d 363, 370 (4th Cir.2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Stevenson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Stevenson's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. *See United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.), *cert. denied,* 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Stevenson's claim does not satisfy either of these conditions. Therefore, we decline to authorize Stevenson to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*