**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7162**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL MIGUEL COWLES,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (CR-98-9)

---

Submitted: September 29, 2005          Decided: October 11, 2005

---

Before WILKINSON, KING, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Michael Miguel Cowles, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Miguel Cowles seeks to appeal the district court's order dismissing for lack of jurisdiction his motion filed pursuant to 28 U.S.C. § 2255 (2000), as untimely and an unauthorized successive motion.  An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1) (2000).  When, as here, a district court dismisses a § 2255 motion solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We have independently reviewed the record and conclude that Cowles has not made the requisite showing.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Cowles' notice of appeal and informal brief as an implied motion for authorization under 28 U.S.C. § 2245 (2000), to file a successive habeas corpus motion.  To obtain permission to bring a second or successive

- 2 -

§ 2255 motion, a movant must show that his claim:  (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence.  28 U.S.C. § 2244.  We conclude that Cowles has not satisfied either standard.

Accordingly, we deny Cowles' implicit application for leave to file a successive § 2255 motion, deny Cowles' motion for certificate of appealability, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED