<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-7374**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE REYNOLDS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., District Judge. (6:90-cr-00054; 6:93-cv-00357)

Submitted: January 18, 2008        Decided: February 12, 2008

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Willie Reynolds, Appellant Pro Se.  Paul Alexander Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Reynolds seeks to appeal the district court's order adopting the recommendation of the magistrate judge, treating his Fed. R. Civ. P. 60(b) motions as successive 28 U.S.C. § 2255 (2000) motions, and dismissing them on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Reynolds has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Additionally, we construe Reynolds' notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340

F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. See 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Reynolds' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED