**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-6561**

---

ROBERT JUNIOR WARDRICK,

             Plaintiff - Appellant,

        v.

UNITED STATES OF AMERICA; JAMES H. GREEN, Cop or Prosecutor;
ALEXANDRA WILLIAM, Judge; ROBERT OVERFIELD, Detective;
CHRISTIAN M. KAHL; SUZANNE MENSH; THOMAS LOVE, ATF Agent;
ANDRE DAVIS; MARVIN J. GARBIS; THOMAS MICHAEL DIBIAGIO,
Prosecutor; DEBRA LYNN DWYER, Prosecutor; MARY SAMPSON; JOHN
KELLY; LIEUTENANT GEARHEART; SHAUN GARRITY; DENNIS W. SHEDD;
ROBERT B. KING; ALLYSON K. DUNCAN; HENRY WILLIAM; HARVEY
LAPIN; PATRICIA S. CONNOR; WARDEN OF BECKLEY,

             Defendants - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:09-cv-00121-JFM)

---

Submitted:  June 4, 2009              Decided:  June 29, 2009

---

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Robert Junior Wardrick, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Junior Wardrick appeals from a district court order dismissing without prejudice his civil rights complaint. We have reviewed the memorandum and the record and affirm for the reasons cited by the district court. See Wardrick v. United States, No. 1:09-cv-00121-JFM (D. Md. Jan 26, 2009).

To the extent Wardrick's complaint was a successive 28 U.S.C.A. § 2255 (West Supp. 2009) motion, we construe Wardrick's notice of appeal and his informal brief filed in this court as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C.A. § 2255(h). Wardrick's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>