**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6845**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

RICARDO ARCE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:08-cr-00111-BO-1; 5:10-cv-00078-BO)

_____

Submitted: November 15, 2011      Decided:  November 17, 2011

_____

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Ricardo Arce, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Arce seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Arce has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

[*] Because the Rule 60(b) motion directly attacked Arce's sentence, it was, in essence, an unauthorized and successive 28 U.S.C.A. § 2255 (West Supp. 2011) motion over which the district court lacked jurisdiction. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Additionally, we construe Arce's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. <u>Winestock</u>, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2011). Arce's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>