<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6059**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LINWOOD COLA PARKER, a/k/a Lenny,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:07-cr-00068-RBS-JEB-1)

Submitted: April 18, 2013        Decided: April 23, 2013

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Linwood Cola Parker, Appellant Pro Se. Gurney Wingate Grant, II, Assistant United States Attorney, Richmond, Virginia; Darryl James Mitchell, Assistant United States Attorney, Scott Christopher Alleman, Blair C. Perez, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Cola Parker seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Parker has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Parker's notice of appeal and informal brief as an application to file a second or

2

successive § 2255 motion.  <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review.  28 U.S.C.A. § 2255(h) (West Supp. 2012).  Parker's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

3