**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6443**

_____

LOUIS ENGLISH FULLER,

             Petitioner - Appellant,

      v.

LEROY CARTLIDGE, Warden MCCI,

             Respondent – Appellee,

      and

HENRY MCMASTER, AG,

             Respondent.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  R. Bryan Harwell, District Judge. (0:09-cv-01352-RBH)

_____

Submitted:  May 29, 2014                    Decided:  June 3, 2014

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Louis English Fuller, Appellant Pro Se.  Donald John Zelenka, Senior Assistant Attorney General, Samuel Creighton Waters, Assistant Attorney General, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis English Fuller seeks to appeal the district court's order construing in part his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2012) petition, and dismissing it on that basis, and denying relief in part. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Fuller has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

Additionally, we construe Fuller's notice of appeal and informal brief as an application to file a second or successive § 2254 petition.  United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense.  28 U.S.C. § 2244(b)(2) (2012).  Fuller's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED