**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6324**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ANGELO GALLOWAY, a/k/a Gelo,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:10-cr-00096-MSD-TEM-2)

———————

Submitted:  September 14, 2015     Decided:  September 16, 2015

———————

Before SHEDD and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Angelo Galloway, Appellant Pro Se. Sherrie Scott Capotosto, Benjamin L. Hatch, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo Galloway appeals the district court's order denying his motion for recusal and his Fed. R. Civ. P. 60(b) motion seeking relief from its judgment denying 28 U.S.C. § 2255 (2012) relief, as well as the court's order denying his Fed. R. Civ. P. 59(e) motion seeking to alter or amend the order denying Rule 60(b) relief. For the reasons that follow, we affirm the district court's orders.

A prisoner cannot appeal a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B) (2012). Generally, a COA is required to appeal an order denying a Rule 60(b) motion in a § 2255 proceeding. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). This court recently clarified, however, that a COA is not required in the limited circumstance in which the district court dismisses a Rule 60(b) motion as an unauthorized, successive habeas petition. United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015).

To file a successive § 2255 motion in the district court, a prisoner must first obtain preauthorization from this court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Although a prisoner is permitted to seek Rule 60(b) relief from a district court's judgment in a § 2255 proceeding, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally

2

equivalent to a successive [§ 2255] application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Where a Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings," it is a true Rule 60(b) motion and may be reviewed without preauthorization. McRae, 793 F.3d at 397 (internal quotation marks omitted). Applying these principles, we conclude the § 2253(c) COA requirement does not apply to this appeal.

We review for abuse of discretion the district court's denial of a Rule 59(e) or a Rule 60(b) motion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (Rule 59(e)); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) (Rule 60(b)). We also review for abuse of discretion the district court's denial of a recusal motion. United States v. Whorley, 550 F.3d 326, 339 (4th Cir. 2008).

As the district court properly concluded, Galloway's Rule 60(b) motion seeking relief from the district court's § 2255 judgment is the functional equivalent of a successive § 2255 motion, and the district court lacked jurisdiction to consider it. Similarly, the portion of Galloway's Rule 59(e) motion challenging the dismissal of his Rule 60(b) motion and repeating his challenges to his criminal judgment was equivalent to a

3

successive § 2255 motion and therefore properly dismissed for lack of jurisdiction.

Insofar as Galloway's Rule 59(e) motion challenged the district court's treatment of a pro se ethics grievance filed against the prosecutor in his criminal case, those arguments are not properly raised in a postjudgment motion in his § 2255 proceeding. Moreover, the ethics complaints addressed in Galloway's informal brief are based on the same allegations of prosecutorial misconduct that have been rejected by the district court and this court. Galloway's refusal to accept the courts' rulings on these claims is not a valid basis for postjudgment relief.

Galloway based his demand for recusal on the district judge's adverse rulings and status as a defendant in Galloway's 42 U.S.C. § 1983 (2012) action related to his criminal prosecution. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Rather, a judge's opinions formed during the current or prior proceedings are not grounds for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks omitted). We find no evidence of such antagonism or partiality by the district judge.

4

Nor does Galloway's unsuccessful § 1983 action require the judge's recusal. <u>See</u> <u>United States v. Cooley</u>, 1 F.3d 985, 993-94 (10th Cir. 1993). Thus, the district court did not abuse its discretion in denying Galloway's recusal motion.

Accordingly, we affirm the district court's orders. We deny Galloway's request for in camera review of grand jury transcripts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>