**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6462

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR F. JONES, a/k/a Arthur Palmer, a/k/a June, a/k/a Junior,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:99-cr-00362-DCN-1)

Submitted:  May 22, 2025                    Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arthur F. Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur F. Jones appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it on that basis.[*]  Our review of the record confirms that the district court properly construed Jones's Rule 60(b) motion and accompanying supplements as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400.  Accordingly, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Jones's notice of appeal and informal brief as an application to file a second or successive § 2255 motion.  Upon review, we conclude that Jones's claims do not meet the relevant standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).