**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-6600**

―――――――――――

ANTONIO PROPHET,

        Petitioner - Appellant,

    v.

RALPH TERRY, Acting Warden,

        Respondent - Appellee.

―――――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:16-cv-00178-TSK)

―――――――――――

Submitted:  September 26, 2025             Decided:  October 1, 2025

―――――――――――

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

―――――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――――

Antonio Prophet, Appellant Pro Se.  Andrea Nease Proper, Michael Ray Williams, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Prophet appeals the district court's order treating his Fed. R. Civ. P. 60(b) motion as a mixed true Rule 60(b) motion/successive 28 U.S.C. § 2254 petition and denying the motion. For the following reasons, we affirm in part, deny a certificate of appealability, dismiss in part, and deny authorization to file a successive § 2254 petition.

A certificate of appealability is not required for us to review the district court's determination that Prophet's Rule 60(b) motion was, in part, an unauthorized successive habeas petition; we review that determination de novo. *United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015). The district court correctly found that some of the arguments in Prophet's motion were successive attacks on his convictions for which he had not obtained prefiling authorization and that the court was without jurisdiction to consider those claims. We affirm the district court's dismissal of those claims.

The district court also correctly found that Prophet's allegation of fraud on the court by Respondent was a true Rule 60 claim. As we explained in *McRae*, if "a motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." *Id.* at 400 (brackets omitted). Although the district court did not offer Prophet a chance to remove the improper claims from his motion, a remand for the court to do so is unnecessary because the court addressed the true Rule 60(b) claim on the merits and concluded that Prophet was not entitled to relief.

2

Additionally, Prophet may not appeal the portion of the district court's order denying his true Rule 60(b) claim for relief from the court's prior order denying relief on his § 2254 petition unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). We have independently reviewed the record and conclude that Prophet has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss Prophet's appeal of the district court's denial of his true Rule 60(b) challenge.

Finally, consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Prophet's notice of appeal and appellate brief as an application to file a second or successive § 2254 petition. Upon review, we conclude that Prophet's claims do not meet the relevant standard. *See* 28 U.S.C. § 2244(b)(2). We therefore deny Prophet authorization to file a successive § 2254 petition.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4