**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 05-6593

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN WOODARD,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (CR-00-299-MJG; CA-03-788-MJG)

———————————

Submitted: October 18, 2005        Decided: October 20, 2005

———————————

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Calvin Woodard, Appellant Pro Se. Bonnie S. Greenberg, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Woodard, a federal prisoner, seeks to appeal the district court order denying his Fed. R. Civ. P. 60(b) motion to reconsider his underlying 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Woodard has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.[1]

Additionally, we construe Woodard's notice of appeal and informal brief on appeal as an application to file a second or

---

[*]We note that the district court should have dismissed the Rule 60(b) motion for lack of jurisdiction as a successive motion. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir.), cert. denied, 540 U.S. 995 (2003). Nonetheless, Woodard fails to establish the criteria for issuance of a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368-69 (4th Cir. 2004).

successive § 2255 motion.  See <u>Winestock</u>, 340 F.3d at 208.  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:  (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty.  28 U.S.C. § 2244(b)(3)(C); § 2255 (2000).  Woodard's claims do not satisfy either of these conditions.  Therefore, we decline to grant Woodard authorization to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>