**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6776

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTOINE LAVAR DIXON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-01-19; CA-04-39-7-F)

Submitted: October 20, 2005          Decided: October 27, 2005

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Antoine Lavar Dixon, Appellant Pro Se. Kimberly Ann Moore, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antoine Lavar Dixon seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(b), seeking reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. Because Dixon's motion did not assert a defect in the collateral review process itself, but rather reargued the merits of his § 2255 motion based on new case law, the motion was properly characterized a successive § 2255 motion under our decision in United States v. Winestock, 340 F.3d 200, 207 (4th Cir.2003).[*]

To appeal an order denying a Rule 60(b) motion in a § 2255 action, Dixon must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368-70 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the

[*]Although the district court's order does not refer to Dixon's motion as a successive § 2255 motion, such a conclusion can be inferred from the court's reasoning.

- 2 -

record and conclude that Dixon has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. To the extent that Dixon's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. <u>See</u> <u>Winestock</u>, 340 F.3d at 208.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>