**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7193**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER DOUGLAS BROOKS, III, a/k/a Bootsie,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-02-135-GBL)

_____

Submitted: February 6, 2006        Decided: February 27, 2006

_____

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Walter Douglas Brooks, III, Appellant Pro Se. Kimberly Riley Pedersen, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Walter Douglas Brooks, III, appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive motion under 28 U.S.C. § 2255 (2000), and denying the motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Brooks has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

We also construe Brooks's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on

either (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review, or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2255 ¶ 8. Brooks's claims do not satisfy either of these standards. We therefore decline to authorize a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED