**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7777**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD EUGENE HAYDEN, a/k/a Bubba,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (CR-94-78; CA-05-532-7)

Submitted: February 23, 2006            Decided: March 6, 2006

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Reginald Eugene Hayden, Appellant Pro Se.  Ray B. Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Hayden seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion, which the district court properly construed as a successive 28 U.S.C. § 2255 (2000) motion, and the district court's denial of his motion for a certificate of appealability. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Hayden has not made the requisite showing.

Additionally, we construe Hayden's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on

either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Hayden's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Hayden to file a successive § 2255 motion, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED