**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7760

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE HORTON,

Defendant - Appellant.

No. 05-7863

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE HORTON,

Defendant - Appellant.

No. 05-7966

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE HORTON,

                                        Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, District Judge. (CR-89-180; CA-05-1166)

_____

Submitted: March 30, 2006                    Decided: April 7, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Willie Horton, Appellant Pro Se.  Debra Sue Straus, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Horton seeks to appeal three district court orders dismissing as untimely his three motions filed pursuant to Fed. R. Civ. P. 60(b). The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). We have independently reviewed the record and conclude that Horton has not made the requisite showing.

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Horton's notices of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000), to file a successive habeas corpus motion. To obtain permission to bring a second or successive § 2255 motion, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2)

- 3 -

relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Horton has not satisfied either standard.

Accordingly, we deny Horton's implicit application for leave to file a successive § 2255 motion, deny his motions for the appointment of counsel filed in Appeal Nos. 05-7760 and 05-7863, deny Horton's motions for a certificate of appealability, and dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 4 -