**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tarik Kawendo WASHINGTON,
Defendant—Appellant.**

**No. 07–6466.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Oct. 18, 2007.

Decided: Oct. 24, 2007.

Tarik Kawendo Washington, Appellant Pro Se. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

812

PER CURIAM:

Tarik Kawendo Washington seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2000) motion. He also seeks to appeal the district court's order construing his motion, filed under Fed.R.Civ.P. 59(e), as a successive § 2255 motion and dismissing it for lack of jurisdiction. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the record and conclude that Washington has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Washington's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Washington's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*