**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-7194**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

BERNARD KING, a/k/a Shaborn,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:08-cv-00065-RBS; 2:94-cr-00163-RBS-14)

---

Submitted: November 13, 2008          Decided: November 20, 2008

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Bernard King, Appellant Pro Se. Laura Pellatiro Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard King seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion as successive and denying his request for a sentence reduction under 18 U.S.C. § 3582(c) (2006). That part of the order denying the § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude King has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in

part. We also affirm that part of the order denying King's request for a sentence reduction.[*]

Additionally, we construe King's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). King's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we affirm in part and deny a certificate of appealability and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] In his informal brief, King abandoned any challenge to the district court's decision to deny his request for a sentence reduction based on recent amendments to the Sentencing Guidelines.

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4