**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Edward SILLS, a/k/a Bobby,**
**Defendant—Appellant.**

**No. 09–6901.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 20, 2009.

Decided: Aug. 27, 2009.

Robert Edward Sills, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

■ Robert Edward Sills seeks to appeal the district court's order treating his motion to reconsider the denial of his Fed. R.Civ.P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp.2009) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); *Reid v. Angelone,* 369 F.3d 363, 369 (4th Cir.2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the record and conclude Sills has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss in part the appeal.

■ Additionally, we construe Sills' notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C.A. § 2255. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2009). Sills' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Insofar as Sills appeals the denial of his motion for recusal of a United States District Judge, we affirm. Sills failed to present any legitimate reason for seeking recusal.

Accordingly, we affirm in part and deny a certificate of appealability and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART.*