**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6910**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CLINTON STANLEY MATTHEWS, a/k/a Ian Bernard Matthew, a/k/a
Craig Jerrod Ingram, a/k/a William Christopher Hinton,
a/k/a Clinton Mallhew, a/k/a Stanley Matthews, a/k/a
Bernard Jones, a/k/a Howard L. Eastwood,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Henry Coke Morgan, Jr.,
Senior District Judge. (2:93-cr-00066-HCM-1; 2:10-cv-00228-HCM)

Submitted: December 16, 2010    Decided: December 27, 2010

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clinton Stanley Matthews, Appellant Pro Se. Carol M. Marx,
Special Assistant United States Attorney, Newport News,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton Stanley Matthews seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2010) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Matthews has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

Additionally, we construe Matthews' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2010). Matthews' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>