**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fahed T. TAWALBEH, Defendant–
Appellant.**

No. 12–8019.

United States Court of Appeals,
Fourth Circuit.

Submitted: March 28, 2013.

Decided: April 2, 2013.

Fahed T. Tawalbeh, Appellant Pro Se.
Anthony Paul Giorno, Assistant United
States Attorney, Roanoke, Virginia, for
Appellee.

Before NIEMEYER, KING, and
KEENAN, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Fahed T. Tawalbeh seeks to appeal the
district court's order dismissing his Fed.
R.Civ.P. 60(b) motion filed in his 28
U.S.C.A. § 2255 (West Supp.2012) pro-
ceedings.* The order is not appealable
unless a circuit justice or judge issues a
certificate of appealability. 28 U.S.C.
§ 2253(c)(1)(B) (2006). A certificate of ap-
pealability will not issue absent "a substan-
tial showing of the denial of a constitution-
al right." 28 U.S.C. § 2253(c)(2) (2006).
When the district court denies relief on the
merits, a prisoner satisfies this standard
by demonstrating that reasonable jurists
would find that the district court's assess-
ment of the constitutional claims is debata-
ble or wrong. *Slack v. McDaniel,* 529
U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d
542 (2000); *see Miller–El v. Cockrell,* 537
U.S. 322, 336–38, 123 S.Ct. 1029, 154
L.Ed.2d 931 (2003). When the district
court denies relief on procedural grounds,
the prisoner must demonstrate both that
the dispositive procedural ruling is debata-
ble, and that the motion states a debatable
claim of the denial of a constitutional right.

*Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.
We have independently reviewed the rec-
ord and conclude that Tawalbeh has not
made the requisite showing. Accordingly,
we deny a certificate of appealability and
dismiss the appeal.

Additionally, we construe Tawalbeh's no-
tice of appeal and informal brief as an
application to file a second or successive
§ 2255 motion. *Winestock,* 340 F.3d at
208. In order to obtain authorization to
file a successive § 2255 motion, a prisoner
must assert claims based on either: (1)
newly discovered evidence, not previously
discoverable by due diligence, that would
be sufficient to establish by clear and con-
vincing evidence that, but for constitutional
error, no reasonable factfinder would have
found the movant guilty of the offense; or
(2) a new rule of constitutional law, previ-
ously unavailable, made retroactive by the
Supreme Court to cases on collateral re-
view. 28 U.S.C.A. § 2255(h). Tawalbeh's
claims do not satisfy either of these crite-
ria. Therefore, we deny authorization to
file a successive § 2255 motion.

We dispense with oral argument because
the facts and legal contentions are ade-
quately presented in the materials before
this court and argument would not aid the
decisional process.

*DISMISSED.*

---

\* Because Tawalbeh's Rule 60(b) motion direct-
ly attacked his conviction, it was, in essence,
an unauthorized and successive 28 U.S.C.A.
§ 2255 motion over which the district court
lacked jurisdiction. *United States v. Wines-
tock,* 340 F.3d 200, 206 (4th Cir.2003).