<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-8145**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

VINCENT CONSTANTINE HUTCHINS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:00-cr-00253-TSE-1; 1:08-cv-00442-TSE)

Submitted:  April 18, 2013          Decided:  April 22, 2013

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Vincent Constantine Hutchins, Appellant Pro Se. Morris Rudolph Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Constantine Hutchins seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's 2009 order denying relief under 28 U.S.C.A. § 2255 (West Supp. 2012). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Hutchins has not made the requisite showing.

To the extent that Hutchins' Rule 60(b) motion attacks his underlying conviction, it constitutes an unauthorized

successive § 2255 motion over which the district court lacked jurisdiction. Pursuant to our holding in United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Hutchins' notice of appeal and informal brief as an application to file a second or successive motion. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence that would be sufficient to establish, by clear and convincing evidence, that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h)(1)-(2). Hutchins' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3