**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7456**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ONEIL MARKEITH WATSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:08-cr-00045-RBS-FBS-1; 2:09-cv-00195-RBS-FBS)

Submitted:  December 19, 2013        Decided:  December 24, 2013

Before SHEDD, DAVIS, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Oneil Markeith Watson, Appellant Pro Se.  D. Monique Broadnax, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oneil Markeith Watson seeks to appeal the district court's order construing his motion to reopen his criminal judgment as a successive 28 U.S.C.A. § 2255 (West Supp. 2013) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Watson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

In his informal brief, Watson seeks authorization to file a second or successive § 2255 motion. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (West Supp. 2013). Watson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED