**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6134**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAMON BRIGHTMAN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Solomon Blatt, Jr., Senior
District Judge.   (2:03-cr-00627-SB-2; 2:15-cv-00532-SB)

———————

Submitted:  April 21, 2016          Decided:  April 26, 2016

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Damon Brightman, Appellant Pro Se.   Nathan S. Williams,
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Brightman seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion and denying it on that basis. As we recently held, a certificate of appealability is not required in order for us to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). Our review of the record confirms that Brightman sought successive § 2255 relief, without authorization from this court, and we therefore hold that the district court properly concluded that it lacked jurisdiction to consider the subject motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Thus, we affirm the district court's order.

Additionally, we construe Brightman's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Brightman's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED