**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6645**

EUGENE PETER SCHULER,

                     Petitioner - Appellant,

          v.

HAROLD CLARKE, Director, VDOC,

                     Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:16-cv-01151-LMB-JFA)

Submitted: November 28, 2017                    Decided: December 8, 2017

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Eugene Peter Schuler, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Peter Schuler seeks to appeal the district court's order denying his second Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. We deny Schuler's motion for a certificate of appealability, dismiss the appeal, and deny authorization to file a successive § 2254 petition.

Because Schuler's Rule 60(b) motion contains both a claim challenging the integrity of the federal habeas proceeding and a reiteration of his substantive habeas claims, it is a mixed Rule 60(b) motion/§ 2254 petition. *See United States v. Winestock*, 340 F.3d 200, 206-08 (4th Cir. 2003). To the extent Schuler presents a true Rule 60(b) motion, we deny a certificate of appealability and dismiss this portion of the appeal. *See* 28 U.S.C. § 2253(c) (2012); *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004) (holding true Rule 60(b) motion is subject to certificate of appealability requirement), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392, 399-400 & n.7 (4th Cir. 2015).

To the extent Schuler seeks to appeal the district court's denial of his unauthorized successive § 2254 claims, we conclude that the district court lacked jurisdiction to review any such claim. 28 U.S.C. § 2244(b) (2012). And construing Schuler's notice of appeal and informal brief as a motion for authorization to file a second or successive § 2254 petition, *Winestock*, 340 F.3d at 208, we determine that Schuler has not shown entitlement to authorization, as his informal brief merely argues the same claims he raised in his § 2254 petition. *See* 28 U.S.C. § 2244(b)(1) (providing that any "claim presented

2

in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed"). Accordingly, we also deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*