**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-7543**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL D. PAHUTSKI,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:07-cr-00211-MR-1; 3:12-cv-00308-MR)

_____

Submitted:  March 29, 2018                    Decided:  April 3, 2018

_____

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael D. Pahutski, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Melissa Louise Rikard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael D. Pahutski appeals the district court's order treating his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis. As we held in *United States v. McRae*, a certificate of appealability is not required in order for this court to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." 793 F.3d 392, 400 (4th Cir. 2015). Our review of the record confirms that Pahutski sought successive § 2255 relief, without authorization from this court, and we therefore hold that the district court properly concluded that it lacked jurisdiction to consider the subject motion. 28 U.S.C. § 2244(b)(3)(A) (2012). Thus, we affirm the district court's order and grant Pahutski leave to proceed on appeal in forma pauperis.

Additionally, we construe Pahutski's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Pahutski's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*