**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6728

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS CREIGHTON SHRADER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Irene C. Berger, District Judge.  (1:09-cr-00270-1; 1:16-cv-05559)

Submitted:  September 22, 2020                    Decided:  September 25, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas Creighton Shrader, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Creighton Shrader appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2255 motion and denying it on that basis.[1] Our review of the record confirms that the district court properly construed Shrader's Rule 60(b) motion as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). Accordingly, we affirm the district court's order on that ground.[2] *See McRae*, 793 F.3d at 400 (holding that certificate of appealability is not required to appeal district court's categorization of Rule 60(b) motion as unauthorized, successive § 2255 motion).

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Shrader's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Shrader's

---

[1] The district court also found that, to the extent Shrader was seeking to reopen his 2010 conviction for possession of a firearm by a convicted felon, he could not do so because Rule 60(b) applies to civil cases only. Shrader clarifies on appeal that he is not seeking to reopen his conviction but to reopen the § 2255 motion that the district court dismissed in 2016.

[2] The district court, however, incorrectly concluded that Shrader's Rule 60(b)(6) motion is barred by the one-year filing deadline. *See* Fed. R. Civ. P. 60(c)(1) (providing that Rule 60(b)(1)-(3) motions must be made "no more than a year after the entry of the judgment or order of the date of the proceeding"). We take no position as to whether Shrader's motion was "made within a reasonable time." *Id.*

claim does not meet the relevant standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
