**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6016**

_____

LEO BRANDON FARNSWORTH,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cv-00511-AWA-DEM)

_____

Submitted:  April 25, 2024                    Decided:  May 31, 2024

_____

Before NIEMEYER and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Leo Brandon Farnsworth, Appellant Pro Se.  Ellen Page DelSole, Bethany B. Hauser, Carl D. Wasserman, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leo Brandon Farnsworth, a Virginia inmate, appeals the district court's order dismissing his civil action for failure to prosecute. After conducting a preliminary review of Farnsworth's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the court ordered him to file an amended complaint clarifying his claim(s) within 21 days of entry of the court's order. When Farnsworth failed to do so, the court dismissed the action without prejudice under Fed. R. Civ. P. 41(b).

Our review of the district court's docket indicates that Farnsworth filed a postjudgment motion within 28 days of entry of the court's dismissal order. Farnsworth asserted that because of delays caused by the Virginia Department of Corrections' mailing system, he had not received the court's order until after the deadline to amend his complaint had expired. Farnsworth sought to voluntarily dismiss the action or, alternatively, for additional time to comply with the court's order.

Courts must liberally construe pleadings filed by pro se litigants like Farnsworth, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and it is the substance of those pleadings, rather than their labels, that is determinative, *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (recognizing "the longstanding practice of courts to classify *pro se* pleadings . . . according to their contents, without regard to their captions"), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). In light of these standards, we construe Farnsworth's motion, which remains pending in the district court, as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). We remand this case for the limited purpose of permitting the district court to make a ruling on

2

the motion.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*